1                                                                    **O**
2
3
4
5
6
7
8                    𝔘𝔫𝔦𝔱𝔢𝔡 𝔖𝔱𝔞𝔱𝔢𝔰 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 ℭ𝔬𝔲𝔯𝔱
9                    ℭ𝔢𝔫𝔱𝔯𝔞𝔩 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 ℭ𝔞𝔩𝔦𝔣𝔬𝔯𝔫𝔦𝔞
10

| | |
|---|---|
| 11  JAMES BETTLES, | Case № 2:21-cv-07560-ODW (AFMx) |
| 12                     Plaintiff, | **ORDER GRANTING DEFENDANTS'** |
| 13        v. | **MOTION TO DISMISS [32]** |
| 14  TOYOTA MOTOR CORPORATION, et | |
| 15  al., | |
| 16                     Defendants. | |
| 17 | |

18                    **I.    INTRODUCTION**

19        Plaintiff James Bettles filed this putative class action against Defendants Toyota

20  Motor Corporation ("TMC") and Toyota Motor Sales, U.S.A., Inc. ("TMS").  (Compl.,

21  ECF No. 1.)  Defendants now move to dismiss Bettles's Complaint pursuant to Federal

22  Rule of Civil Procedure ("Rule") 12(b)(6).[1]  (Mot. Dismiss ("Mot." or "Motion"), ECF

23  No. 32-1; Stip. Joinder, ECF No. 50.)   The Motion is fully briefed.   (Opp'n, ECF

24  No. 44;  Reply,  ECF  No. 47.)    For  the  following  reasons,  the  Court  **GRANTS**

25  Defendants' Motion with leave to amend.[2]

26

---

27  [1] The Motion to Dismiss was initially filed by TMS.  The Court has since permitted TMC to join the
    Motion.  (ECF No. 51.)

28  [2] Having carefully considered the papers filed in connection with the Motion, the Court deemed the
    matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

## II.    BACKGROUND[3]

TMS manufacturers, distributes, and sells Toyota vehicles in the United States. (Compl. ¶ 35.)  TMC is the parent company of TMS.  (*Id.* ¶ 34.)  On December 3, 2016, Bettles purchased a brand new 2016 Toyota Prius (the "Vehicle") from non-party Maita Toyota of Sacramento, an authorized Toyota dealer (the "Dealership").  (*Id.* ¶ 17.)  The Dealership sold the Vehicle with a three-year/36,000-mile warranty covering defects in materials and workmanship.  (*Id.* ¶ 145.)

In the spring of 2017, Bettles began noticing a foul odor emanating from the air-conditioning vents of the Vehicle.  (*Id.* ¶ 20.)  Bettles brought the Vehicle to the Dealership to address the issue, but the Dealership was unable to determine the cause of the odor.  (*Id.* ¶ 21.)  Around December of 2017, Bettles again brought the Vehicle to the Dealership.  (*Id.* ¶ 23.)  This time, Bettles informed the Dealership that he believed that a defect in the Vehicle's heating, ventilation, and air conditioning ("HVAC") system was causing the foul odor.  (*Id.* ¶ 24.)  A supervisor at the Dealership indicated that they had received "thousands of similar complaints," but failed to offer a solution. (*Id.* ¶ 26.)

Bettles alleges that, although Defendants knew of the defects in the HVAC system, Defendants "fraudulently, intentionally, negligently and/or recklessly omitted and concealed from Plaintiff" information about the defects.  (*Id.* ¶ 45.)  On September 22, 2021, Bettles filed the present action on behalf of himself and similarly situated putative class members alleging nine causes of action for: (1) fraudulent concealment; (2) unjust enrichment; (3) violation of the Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. § 2301 *et seq.*; (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (5) violation of California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.*; (6) breach of implied warranties, Cal. Com. Code §§ 2314, 10212; (7) breach of express warranties,

---

[3] Unless otherwise noted, all factual references and well-pleaded factual allegations derived from Bettles's Complaint are accepted as true for purposes of this Motion.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Cal. Com. Code §§ 2313, 10210; (8) violation of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act") for breach of express warranties, Cal. Civ. Code §§ 1791.2, 1793.2(d); and (9) violation of the Song-Beverly Act for breach of implied warranties, Cal. Civ. Code §§ 1791.1, 1792, (claims (6)–(9) are the "warranty claims").  Defendants now move to dismiss Bettles's Complaint, asserting, among several alternative bases for dismissal, that Bettles's claims are barred by the applicable statute of limitations.  As explained below, the Court finds that Bettles's claims are in fact time-barred and therefore grants Defendants' Motion.

### III.   LEGAL STANDARD

Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  "To survive a motion to dismiss . . . under Rule 12(b)(6), a complaint generally must satisfy only the minimal notice pleading requirements of Rule 8(a)(2)"—a short and plain statement of the claim.  *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003); *see also* Fed. R. Civ. P. 8(a)(2).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (citing *Twombly*, 550 U.S. at 555).

Whether a complaint satisfies the plausibility standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  A court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable to [the plaintiff]."  *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  But a court need not blindly accept conclusory allegations, unwarranted deductions of fact,

and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

## IV.  DISCUSSION

### A.  Voluntary Dismissal of First and Third Claims

Bettles states in his Opposition that he "voluntarily dismisses his claims for fraudulent concealment (Count I) and for violations of the Magnuson-Moss Warranty Act (Count III)." (Opp'n 12 n.6.)  Defendants are therefore entitled to dismissal with prejudice of Bettles's first and third claims on this basis and the Court will not consider these claims in the remainder of its analysis.

### B.  Statute of Limitations for Second and Fourth Through Ninth Claims

Defendants correctly argue the applicable statutes of limitations are: four years for Bettles's UCL and warranty claims; three years for Bettles's CLRA claim; and two years for Bettles's unjust enrichment claim. (Mot. 23.)  Defendants assert that Bettles's causes of action began to accrue in December 2016, when he purchased the Vehicle, and argue that because he waited until September 2021 to initiate the present action, all of his claims are time-barred. (*Id.* at 24.)

In California, "a cause of action [generally] accrues at the time when the cause of action is complete with all of its elements." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806 (2005).  Bettles does not dispute that his asserted causes of action were "complete with all of [their] elements" when he took possession of the allegedly defective Vehicle in December 2016.  Instead, Bettles argues that the "discovery rule" tolls accrual until "the plaintiff actually discovered or should have discovered the facts" giving rise to his claims. (Opp'n 23 (quoting *Ovando v. County of Los Angeles*, 159 Cal. App. 4th 42, 61 (2008)).)  Bettles further argues that the question of when he had actual or constructive notice of the relevant causes of action is one of fact that is not appropriate for adjudication at this stage of the litigation. (*Id.*)

However, "a plaintiff whose complaint shows on its face that his claim would be barred without the benefit of the discovery rule must specifically plead facts to show

(1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Fox*, 35 Cal. 4th at 808.  Because Bettles has neither pleaded the time and manner of his discovery of the facts supporting his claims nor his inability to have made an earlier discovery, he cannot take advantage of the discovery rule here.  Accordingly, the Court **GRANTS** Defendants' Motion to dismiss Bettles's second and fourth through ninth claims as time-barred.  As Bettles may still claim the benefit of the discovery rule by alleging the facts required in *Fox*, the Court also grants Bettles **leave to amend**.

## C.   Alternative Bases for Dismissal

Defendants make several additional arguments as to why each of Bettles's claims should be dismissed.  To avoid multiple rounds of amendment and motions to dismiss, the Court addresses Defendants' arguments briefly below.

### 1.   Second Claim: Unjust Enrichment

Defendants argue that Bettles's unjust enrichment claim must be dismissed because it is an equitable claim for which Bettles already has an adequate remedy at law.  (Mot. 27–28.)  Bettles responds that even if he has an adequate remedy at law, Rule 8(a) allows him to plead his unjust enrichment claim in the alternative. (Opp'n 22.)

"It is a basic doctrine of equity jurisprudence that courts of equity should not act . . . when the moving party has an adequate remedy at law." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844 (9th Cir. 2020) (quoting *Mort v. United States*, 86 F.3d 890, 892 (9th Cir. 1996)).  Although Rule 8(a) allows Bettles to plead alternative claims, "where the unjust enrichment claim relies upon the same factual predicates as a plaintiff's legal causes of action, it is not a true alternative theory of relief but rather is duplicative of those legal causes of action." *In re Ford Tailgate Litig.*, No. 11-cv-2953-RS, 2014 WL 1007066, at *5 (N.D. Cal. Mar. 12, 2014) (citation and internal quotation marks omitted).  "Should plaintiffs ultimately be unable to recover under either a contract or tort theory, it does not mean a legal remedy was

unavailable (thereby justifying an equitable remedy of unjust enrichment), but only that their claim lacks merit." *Id.*

Here, Bettles's unjust enrichment claim relies on "the same factual predicates" as his warranty claims. *In re Ford*, 2014 WL 1007066, at *5. Moreover, Bettles has failed to explain how his legal claims, if successful, would not provide him with an adequate remedy. However, it is possible that Bettles could amend his unjust enrichment claim in a way so that it is factually distinct from the legal claims, or in an alternative form so that if the legal claims are inadequate, the equitable claims should be permitted. Defendants are therefore entitled to dismissal of Bettles's second claim on this basis but Bettles is entitled to leave to amend his second claim to address this deficiency.

### 2.    *Fourth & Fifth Claims: UCL & CLRA*

The UCL prohibits "unfair competition," including "any unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200. The CLRA proscribes "unfair methods of competition and unfair or deceptive acts or practices." Cal. Civ. Code § 1770. Bettles alleges Defendants' failure to disclose material defects in the Vehicle was unfair, unlawful, and deceptive.[4] (Compl. ¶¶ 159–160, 178–179.) Defendants argue that they had no duty to disclose information about the alleged defects because: (1) they did not pose an unreasonable safety hazard, and (2) they did not impair the Vehicle's central function. (Mot. 15–19.)

In a "pure omissions case concerning no physical product defect relating to the central function of the [product] and no safety defect," defendants have no duty to disclose (the "central function rule"). *Hodsdon v. Mars, Inc.*, 891 F.3d 857, 865 (9th Cir. 2018). "Absent a duty to disclose, Plaintiff's CLRA [and] UCL . . . claims are foreclosed." *Id.* Here, Bettles alleges a physical defect in the HVAC system that "exposes drivers and occupants to foul and noxious odors and/or an associated safety

---

[4] Although the Complaint references Defendants' "active concealment," the Complaint does not detail any affirmative act on the part of Defendants, and Bettles concedes that his UCL and CLRA claims are based on an omission and not an affirmative act. (*See* Opp'n 12–13.)

hazard from mold growth."  (Compl. ¶ 163.)  Bettles argues that, independent of any safety implications arising from the mold, the odors emitted by the HVAC system impair the central function of the Vehicle.  (Opp'n 14–15.)

Defendants contend that a defect must render a product "incapable of use by any consumer" in order to relate to a central function of the product.  (Reply 7 (quoting *Hodsdon*, 891 F.3d at 864).)  Defendants assert that because Bettles continued to drive the Vehicle after noticing the odors produced by the HVAC system, the odors did not render the Vehicle inoperable and thus did not affect the Vehicle's central function.  (*Id.* at 8.)  Defendants misinterpret the central function rule.  The Ninth Circuit in *Hodson* did not require that a defect render a product "incapable of use by any consumer" to satisfy the test.  Rather, the Ninth Circuit cited two California cases holding that defects rendering products "incapable of use" related to the products' central function. *Hodsdon*, 891 F.3d at 864 (first citing *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249 (2011); and then citing *Rutledge v. Hewlett-Packard Co.*, 238 Cal. App. 4th 1164 (2015)).  Although a defect rendering a product incapable of use will relate to the product's central function, the converse is not necessarily true; that is, a defect relating to a product's central function will not always render the product incapable of use.

Although Bettles has not alleged that the Vehicle is "incapable of use by any consumer," he has adequately alleged that the defects in the HVAC system relate to a central function of the Vehicle.  *See Stockinger v. Toyota Motor Sales, U.S.A., Inc.*, No. 2:17-cv-00035-VAP (KSx), 2020 WL 1289549, at *7 (C.D. Cal. Mar. 3, 2020) ("[W]hether HVAC odor undermines the central function of Class Vehicles is a triable question of fact.").  Accordingly, Defendants are not entitled to dismissal of Bettles's fourth and fifth claims on this basis.

Defendants additionally argue that Bettles's UCL and CLRA claims, like his unjust enrichment claim, must be dismissed because they are equitable claims for which Bettles already has an adequate remedy at law.  Unlike his unjust enrichment claim, however, Bettles seeks with his UCL and CLRA claims a prospective injunction

enjoining Defendant's allegedly unfair, unlawful, and deceptive practices. (Compl. ¶¶ 170, 184.) Because this injunctive relief is not an available remedy at law, Defendants are not entitled to dismissal of Bettles's fourth and fifth claims on the ground that they are duplicative of his legal claims.

3.    *Seventh & Eighth Claims: Express Warranty*

Defendants argue that Bettles's express warranty claims fail because the relevant warranty covers only manufacturing defects and Bettles seeks damages for design defects. (Mot. 19–20.) Bettles does not dispute Defendants' assertion that the applicable warranty covers only manufacturing defects and argues instead that his claims should survive dismissal because they allege both design *and* manufacturing defects. (Opp'n 16–17.) Although the first paragraph of the Complaint contains allegations only of a design defect, (*see* Compl. ¶ 1), the remainder of the Complaint contains allegations of design and manufacturing defects, (*see* Compl. ¶¶ 43, 160, 162, 203).

In reply, Defendants attempt to dismiss Bettles's allegation of manufacturing defects as "conclusory." (Reply 10.) However, by alleging that the HVAC system in the Vehicle emits "foul, noxious, and/or toxic odors into the Vehicle's passenger compartments," (Compl. ¶ 2), Bettles has plausibly alleged some sort of defect. And "[a]t the pleading stage, where the distinction between defect in design and defect in materials or workmanship is a matter of semantics, and sufficient facts are alleged to assert both, the defendant's characterization of the nature of the claim pre-discovery should not control whether the complaint survives." *Sonneveldt v. Mazda Motor of Am., Inc.*, No. 8:19-cv-01298-JLS-KES, 2021 WL 62502, at *14 n.11 (C.D. Cal. Jan. 4, 2021) (quoting *Alin v. Am. Honda Motor Co.*, No. CIV A 08-4825 KSH, 2010 WL 1372308, at *6 (D.N.J. Mar. 31, 2010)).

Defendants additionally question "how any purported manufacturing problem could affect every single potential Class Vehicle." (Reply 10.) Such inquiries, however, are "better addressed through a fully-briefed class certification hearing than

on [a] motion to dismiss." *Yuckming Chiu v. Citrix Sys.*, Inc., No. SA CV 11-1121 DOC (RNBx), 2011 WL 6018278, at *3 (C.D. Cal. Nov. 23, 2011). Accordingly, Defendants are not entitled to dismissal of Bettles's seventh and eighth claims on this basis.

### 4.   Sixth & Ninth Claims: Implied Warranty

Bettles brings his first implied warranty claim under the California Commercial Code, Cal. Com. Code §§ 2314, 10212, and his second implied warranty claim under the Song-Beverly Act, Cal. Civ. Code §§ 1791.1, 1792. The Court addresses each of these claims in turn.

#### a.   *California Commercial Code*

A plaintiff asserting a breach of implied warranty claim under California Commercial Code section 2314 must stand in vertical contractual privity with the defendant. *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008). "[T]he distributor is normally in vertical privity with the manufacturer, and the ultimate retail buyer is normally in vertical privity with the dealer." *Osborne v. Subaru of Am., Inc.*, 198 Cal. App. 3d 646, 656 n.6 (1988). However, "if the retail buyer seeks warranty recovery against a manufacturer with whom he has no direct contractual nexus, the manufacturer would seek insulation via the vertical privity defense." *Id.* Because "California courts have painstakingly established the scope of the privity requirement," the Ninth Circuit in *Clemens* declined to create an exception to the privity rule and held that a plaintiff who had purchased an automobile from a dealer could not bring an implied warranty claim against the manufacturer. *Clemens*, 534 F.3d at 1023.

Bettles has failed to adequately distinguish the present circumstances from those in *Clemens*. Bettles argues that his purchase of a brand-new automobile from a Toyota dealership establishes vertical contractual privity with Defendants. (Opp'n 20.) However, the plaintiff in *Clemens* similarly purchased a brand-new Dodge vehicle from a Dodge dealership, and the Ninth Circuit ruled that this was insufficient to demonstrate vertical contractual privity. *Clemens*, 534 F.3d at 1021, 1023. Accordingly, Bettles cannot state an implied warranty claim against Defendants under the California

Commercial Code absent vertical contractual privity.  Thus, Defendants are entitled to dismissal of Bettles's sixth claim.

    *b.  Song-Beverly Act*

   Although Defendants cite authority requiring vertical contractual privity for implied warranty claims brought under the California Commercial Code, Defendants do not cite any cases that explicitly apply the same privity requirement to implied warranty claims brought under the Song-Beverly Act.  Indeed, several California district courts have concluded that the privity requirements under California's general implied warranty laws do not apply to claims under the Song-Beverly Act.  *See Clark v. LG Elecs. U.S.A., Inc.*, No. 13-cv-00485-JM (JMAx), 2013 WL 5816410, at *10 (S.D. Cal. Oct. 29, 2013) (citing cases).  Defendants thus are not entitled to dismissal of Bettles's ninth claim on the basis that he lacks vertical contractual privity with Defendants.

   Defendants additionally argue that Bettles has failed to state a Song-Beverly implied warranty claim because the Vehicle is merchantable and fit for safe and reliable transportation.  (Mot. 21–22.)  Defendants claim that "[u]nder California law, the implied warranty of merchantability can be breached only if 'the vehicle manifests a defect that is so basic it renders the vehicle unfit for its ordinary purpose of providing transportation.'"  (*Id.* at 21 (quoting *Am. Suzuki Motor Corp. v. Superior Ct.*, 37 Cal. App. 4th 1291, 1296 (1995)).)  Defendants point out that Bettles drove the Vehicle to the Dealership for repair and argue that this is sufficient to demonstrate that the Vehicle was fit for its purpose of providing transportation.  (*Id.* at 22.)

   As a preliminary matter, Defendants mis-quote *American Suzuki Motor Corp.*  The California Court of Appeal stated that "[c]ourts in *other jurisdictions* have held that in the case of automobiles, the implied warranty of merchantability can be breached only if the vehicle manifests a defect that is so basic it renders the vehicle unfit for its ordinary purpose of providing transportation."  *Am. Suzuki Motor Corp.*, 37 Cal. App. 4th at 1296 (emphasis added).  Moreover, even if the California Court of Appeal's

statement accurately reflected California law, whether an automobile's emission of "noxious and foul odors" into the cabin renders the automobile unfit for providing transportation is a question of fact not appropriate for decision on a motion to dismiss. *See Stockinger v. Toyota Motor Sales USA Inc*, No. 2:17-cv-00035-VAP (KSx), 2017 WL 10574372, at *12 (C.D. Cal. July 7, 2017); *see also Isip v. Mercedes-Benz USA, LLC*, 155 Cal. App. 4th 19, 27 (2007) ("We reject the notion that merely because a vehicle provides transportation from point A to point B, it necessarily does not violate the implied warranty of merchantability."). Accordingly, Defendants are also not entitled to dismissal of Bettles's ninth claim on this basis.

## V.   CONCLUSION

For the reasons discussed above, the Court **GRANTS** Defendants' Motion to Dismiss (ECF No. 32.) with **leave to amend** the identified deficiencies. If Bettles chooses to file an amended complaint, he shall do so within **twenty-one (21) days** of the date of this Order, in which case Defendants shall answer or otherwise respond within **fourteen (14) days** of the filing. If Bettles chooses not to amend, then as of the lapse of his deadline to amend, all his claims dismissed above shall be deemed dismissed with prejudice.

**IT IS SO ORDERED.**

May 23, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**