O
JS-6

# United States District Court
## Central District of California

| | |
|---|---|
| JAMES BETTLES,<br><br>                 Plaintiff,<br><br>     v.<br><br>TOYOTA MOTOR CORPORATION et al.,<br><br>                 Defendants. | Case No. 2:21-cv-07560-ODW (AFMx)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT [54]** |

## I.  INTRODUCTION

Plaintiff James Bettles brings this putative class action against Defendants Toyota Motor Corporation ("TMC") and Toyota Motor Sales, U.S.A., Inc. ("TMS") arising from an alleged defect in the heating, ventilation, and air conditioning ("HVAC") systems of certain vehicle models. (First Am. Compl. ("FAC"), ECF No. 53.) Toyota now moves to dismiss Bettles's First Amended Complaint pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). (Mot. Dismiss FAC ("Mot." or

"Motion"), ECF No. 54-1.) The Motion is fully briefed. (Opp'n, ECF No. 55; Reply, ECF No. 56.) For the following reasons, the Court **GRANTS** Toyota's Motion.[1]

## II.  BACKGROUND

TMS manufactures, distributes, and sells vehicles throughout the United States. (FAC ¶ 36.) TMC is the parent company of TMS (collectively, "Toyota"). (*Id.* ¶ 35.)

On December 3, 2016, Bettles purchased a new Toyota Prius ("Vehicle") from a non-party authorized dealer ("Dealership"). (*Id.* ¶ 17.) In the Spring of 2017, Bettles noticed a foul odor emanating from the air-conditioning vents of the Vehicle. (*Id.* ¶ 20.) At first, Bettles thought the odor originated from his socks or shoes. (*Id.*) As a result, Bettles purchased new shoes and washed his socks. (*Id.*) However, as Summer 2017 approached, the foul odor persisted and became worse. (*Id.*)

Approximately six months after Bettles purchased the Vehicle, he brought the Vehicle to the Dealership for service and "advised the service representative of the foul odor that had been emanating from the A/C vents, as well as his attempts to figure out its cause." (*Id.* ¶ 21.) After the service, "[Bettles] was told that the . . . Vehicle exhibited no abnormalities and there was nothing wrong with the . . . Vehicle's HVAC System." (*Id.*) In the following months, "the odor emanating from the . . . Vehicle's A/C vents became increasingly more-foul." (*Id.* ¶ 22.) Further, Bettles noticed that "the smell would intensify when he switched from A/C mode to regular fan mode" and was immediately noticeable upon a cold start. (*Id.*)

On December 1, 2017, Bettles again brought the Vehicle to the Dealership due to "continued and worsening odors" emanating from the Vehicle's HVAC system. (*Id.* ¶ 23.) During this visit, Bettles informed the Dealership "of his belief that a defect . . . was causing the foul odor to emanate from the Vehicle's HVAC System." (*Id.* ¶ 24.) A supervisor at the Dealership subsequently stated there have been "thousands of similar complaints about smells from these kinds of cars." (*Id.* ¶ 26.)

---

[1] After carefully considering the papers filed in support of the Motion, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

Bettles alleges that "[he] had no way to know of the existence of the defect in his . . . Vehicle . . . until the moment that the Dealership's supervisor explicitly admitted the defect." (*Id.* ¶ 28.) Bettles alleges that, although Toyota knew of the defect in the HVAC system, Toyota "fraudulently, intentionally, negligently and/or recklessly omitted and concealed from [him]" information about the defective HVAC system. (*Id.* ¶ 46.)

On September 22, 2021, Bettles filed the Complaint. (Compl., ECF No. 1.) After Toyota moved to dismiss the Complaint and Bettles voluntarily dismissed two of his claims, the Court found that Bettles's remaining claims were time-barred. (Order Granting Mot. Dismiss ("Order") 5, ECF No. 52.) However, the Court provided Bettles with leave to amend to allege facts supporting the application of the discovery rule. (*Id.*) Bettles then filed the First Amended Complaint, asserting four causes of action on behalf of himself and members of a putative class: (1) violations of California's Unfair Competition Law; (2) breach of express warranty; (3) violation of the Song-Beverly Consumer Warranty Act for breach of express warranties; and (4) violations of the Song-Beverly Warranty Act for breach of implied warranties. (*See* FAC ¶¶ 110–63.) With his amended allegations, Bettles seeks to toll the statute of limitations by invoking the discovery rule and the fraudulent concealment doctrine. (*Id.* ¶¶ 95–99.) Toyota again moves to dismiss Bettles's claims on the basis that they are time-barred and Bettles fails to allege an applicable tolling doctrine. (*See generally* Mot.)

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To survive a dismissal motion, a complaint need only satisfy "the minimal notice pleading requirements of Rule 8(a)(2)"—"a short and plain statement of the claim." *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 555 (2007). Pursuant to this standard, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

The determination of whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe "[a]ll factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotation marks omitted). However, a court need not blindly accept "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Ultimately, there must be sufficient factual allegations "to give fair notice and to enable the opposing party to defend itself effectively," and "the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Where a district court grants a motion to dismiss, it should generally provide leave to amend unless it is clear the complaint could not be saved by any amendment. *See* Fed. R. Civ. P. 15(a); *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Thus, leave to amend "is properly denied . . . if amendment would be futile." *Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011).

## IV. DISCUSSION

The parties agree that each of Bettles's claims is subject to a four-year statute of limitations. (Mot. 7; Opp'n 1.) In California, "a cause of action [generally] accrues at the time when the cause of action is complete with all of its elements." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 806 (2005) (internal quotation marks omitted). Thus, here, because Bettles took possession of the allegedly defective Vehicle on

December 3, 2016, (FAC ¶ 17), the statute of limitations expired on Bettles's claims in December 2020 unless a tolling doctrine applies.

Bettles argues that the delayed discovery rule and fraudulent concealment doctrine tolled the statute of limitations. Because Bettles's claims are subject to a four-year statute of limitations and he filed the Complaint on September 22, 2021, (Compl.), he must show that the statute of limitations was tolled until at least September 2017.

## A.   Discovery Rule

"[T]he discovery rule postpones accrual of a claim until 'the plaintiff discovers, or has reason to discover, the cause of action.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1024 (9th Cir. 2008) (quoting *Norgart v. Upjohn Co.*, 21 Cal. 4th 383, 389 (1999)). To employ the discovery rule, the plaintiff "must specifically plead facts to show (1) the time and manner of discovery *and* (2) the inability to have made earlier discovery despite reasonable diligence." *Fox*, 35 Cal. 4th at 808. Thus, the plaintiff must plead facts demonstrating that, "despite diligent investigation of the circumstances of the injury, he or she could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period." *Id.* at 809.

### 1.   *Time and Manner of Discovery*

"The discovery rule only delays accrual until the plaintiff has, or should have, inquiry notice of the cause of action." *Id.* at 807. "[P]laintiffs are charged with presumptive knowledge of an injury if they have information of circumstances to put [them] on inquiry or if they have the opportunity to obtain knowledge from sources open to [their] investigation." *Id.* at 808 (alterations in original; internal quotation marks and emphases omitted).

Here, Bettles alleges that he could not have discovered that the Vehicle's HVAC System was defective "until the moment that the Dealership's supervisor explicitly admitted the defect" during Bettles's second visit to the Dealership on December 1, 2017. (FAC ¶ 28.) At the same time, however, Bettles alleges facts that show he had,

or should have had, inquiry notice prior to that moment. *See Sprewell*, 266 F.3d at 988 ("[A] plaintiff can . . . plead himself out of a claim by including unnecessary details contrary to his claims.").

Bettles alleges that, as early as "the Spring of 2017," he observed a persistent foul odor emanating from the air-conditioning vents of the Vehicle. (FAC ¶ 20.) This prompted Bettles to take the Vehicle to the Dealership in approximately May 2017, where he advised a service representative "of the foul odor that had been emanating from the A/C vents." (*Id.* ¶ 21.) Despite the Dealership's representation that "there was nothing wrong with the . . . Vehicle's HVAC system," the problem persisted and worsened. (*Id.* ¶¶ 21–23.) Bettles further alleges that he returned to the Dealership for a second visit on December 1, 2017. (*Id.* ¶ 23.) Prior to the Dealership supervisor's explicit admission of the defect, Bettles advised the supervisor of his preexisting "belief that a defect in the . . . Vehicle was causing the foul odor to emanate from the Vehicle's HVAC System" and that the warranty required Toyota to repair "the defect." (*Id.* ¶ 24.) These facts indicate that Bettles was on inquiry notice of the alleged defect before the moment that the supervisor explicitly admitted the defect. *See Durkee v. Ford Motor Co.*, No. C 14-0617-PJH, 2014 WL 7336672, at *7 (N.D. Cal. Dec. 24, 2014) (finding that "first or second repair" of car within the same category of repair would "put a reasonable person on inquiry notice that there had been a breach").

Moreover, in the First Amended Complaint, Bettles identifies numerous complaints made to the National Highway Traffic Safety Administration ("NHTSA"), posts on Internet forums, and litigation concerning the alleged defect. (FAC ¶¶ 58–67.) The cited complaints and posts are dated as early as 2002. (*Id.* ¶ 61.) Thus, this information was available to Bettles more than four years before he brought this action, and Bettles is charged with presumptive knowledge of information that he could have obtained from sources open to his investigation. *Fox*, 35 Cal. 4th at 807–08.

Together, Bettles's allegations establish that he "ha[d], or should have [had], inquiry notice of the cause of action" prior to September 2017. *Fox*, 35 Cal. 4th at 807.

### *2. Inability to Make an Earlier Discovery Despite Diligent Investigation*

Moreover, Bettles fails to allege that he diligently investigated the defect. *See Fox*, 35 Cal. 4th at 808. For the discovery rule to apply, a plaintiff "must specifically plead facts to show . . . the inability to have made earlier discovery despite reasonable diligence." *Fox*, 35 Cal. 4th at 808. "In other words, plaintiffs are required to conduct a reasonable investigation after becoming aware of an injury, and are charged with knowledge of the information that would have been revealed by such an investigation." *Id.* Even when a dealership represents that there is nothing wrong with a car, a plaintiff with inquiry notice of a persistent problem must pursue other available avenues of inquiry. *See Zimmerman v. Ford Motor Co.*, No. 5:18-cv-02149-JLS (SPx), 2019 WL 6481695, at *3–4 (C.D. Cal. Sept. 20, 2019) (finding injury could have been diagnosed by third-party inspection of engine); *Drake v. Toyota Motor Corp.*, No. 2:20-cv-01421-SB (PLAx), 2021 WL 2024860, at *2 (C.D. Cal. May 17, 2021) (finding that "[e]ven a quick internet search could have revealed the defect"); *Madani v. Volkswagen Grp. of Am., Inc.*, No. 17-cv-07287-HSG, 2019 WL 3753433, at *8 (N.D. Cal. Aug. 8, 2019) (finding "dealer's statement does not render meaningless [plaintiff's] knowledge of his vehicle's manifestations of the alleged defect").

Here, Bettles alleges that the foul odor emanating from the Vehicle's air conditioning vents "became increasingly more-foul" even after the Dealership advised that "there was nothing wrong with the . . . HVAC system" in approximately May 2017. (FAC ¶¶ 21–22.) However, Bettles fails to allege that he undertook any steps to investigate the alleged defect beyond returning to the Dealership a second time approximately six months later. (*Id.* ¶¶ 21–23.) This does not constitute a diligent investigation when Bettles knew the problem with the Vehicle was ongoing, and he failed to pursue other available avenues of investigation. *See Drake*, 2021 WL 2024860, at *3 (finding "[t]he 'reasonable investigation' requirement is not satisfied by pursuing a plainly futile course of action—at least not when other avenues of pursuit are readily and obviously available"). For example, given the widespread nature of the

alleged defect, "a quick internet search could have revealed the defect." *Id.* at *2. In fact, in the First Amended Complaint, Bettles identifies numerous sources of information concerning the defect that would have been revealed by such a search. *See supra* Part IV.A.1; (*see also* FAC ¶ 64 (alleging "querying the word 'smell' in the search function on Priuschat.com produces dozens of threads dedicated to discussing the Defective HVAC System in the Class Vehicles")). Yet Bettles fails to allege that he conducted such a search or otherwise took steps to investigate the HVAC issue in the intervening six months between his visits to the Dealership. Because Bettles fails to allege facts that support that he conducted a diligent investigation, he cannot invoke the discovery rule.

Accordingly, the Court finds that Bettles does not allege sufficient facts to invoke the discovery rule to toll the statute of limitations.[2]

### B. Fraudulent Concealment Doctrine

In addition to the discovery rule, Bettles seeks to toll the statute of limitations with the fraudulent concealment doctrine.

When a defendant fraudulently conceals a cause of action, the statute of limitations "is deemed not to become operative until the aggrieved party discovers the existence of the cause of action." *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1131 (C.D. Cal. 2010). To invoke the fraudulent concealment doctrine, a plaintiff has the burden of pleading that: (1) the defendant affirmatively misled the plaintiff; (2) the plaintiff "had neither actual nor constructive knowledge of the facts giving rise to its claim"; and (3) the plaintiff was "diligen[t] in trying to uncover those facts." *Conmar Corp. v. Mitsui & Co. (USA)*, 858 F.2d 499, 502 (9th Cir. 1999). Further, "[a]bsent a fiduciary relationship, nondisclosure is not fraudulent concealment—affirmative deceptive conduct is required." *Yumul*, 733 F. Supp. 2d at 1131 (collecting cases).

---

[2] Because the Court finds that Bettles fails to plead sufficient facts to invoke the discovery rule, the Court does not reach Toyota's argument that the delayed discovery rule does not apply to Bettles's breach of implied warranty claim. (Mot. 7–8.)

"Fraudulent concealment tolling must be [pleaded] with particularity under Fed. R. Civ. P. 9(b)." *Finney v. Ford Motor Co.*, No. 17-CV-06183-JST, 2018 WL 2552266, at *3 (N.D. Cal. June 4, 2018); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (holding fraud allegations must be pleaded with "more specificity including an account of the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations" (internal quotation marks omitted)).

Bettles fails to set forth sufficient factual allegations to support the application of the fraudulent concealment doctrine. Regardless of whether Bettles must plead affirmative deceptive conduct—rather than mere nondisclosure—on the part of Toyota, Bettles fails to plead facts supporting the second and third requirements of the fraudulent concealment doctrine. For the reasons discussed above, *see supra* Part IV.A.1, Bettles's factual allegations indicate that Bettles had or should have had knowledge of the facts giving rise to his claim more than four years before he brought this action. Moreover, Bettles fails to plead that he was diligent in trying to uncover those facts. *See supra* Part IV.A.2.

Accordingly, the Court finds that Bettles fails to plead a basis for the application of the fraudulent concealment doctrine to toll the statute of limitations.

## C.    Leave to Amend

Further, the Court concludes that leave to amend is not warranted. "[W]here the Plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, the district court's discretion to deny leave to amend is particularly broad." *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) (internal quotation marks omitted). Here, the Court already provided Bettles an opportunity to amend his pleadings to "claim the benefit of the discovery rule." (Order 4–5.) The Court explained that Bettles must plead specific facts to show "the time and manner of his discovery of the facts supporting his claims" and an "inability to have made an earlier discovery." (*Id.* at 5.) However, as explained

above, Bettles fails to do so in the First Amended Complaint. In addition, Bettles does not plead sufficient facts to toll the statute of limitations pursuant to the fraudulent concealment doctrine.[3] Given Bettles's previous opportunity to cure the deficiencies in his claims to overcome the statute of limitations, Bettles's failure to plead sufficient facts in the First Amended Complaint indicates that further amendment would be futile. *See Zucco Partners*, 552 F.3d at 1007 (finding failure to cure pleading deficiencies is "strong indication that the plaintiffs have no additional facts to plead").

## V.   CONCLUSION

For the foregoing reasons, the Court **GRANTS** Toyota's Motion to Dismiss Bettles's First Amended Complaint **without leave to amend and with prejudice**. (ECF No. 54.)

**IT IS SO ORDERED.**

December 13, 2022

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[3] Toyota argues that Bettles's allegations concerning fraudulent concealment exceed the scope of the Court's grant of leave to amend. (Reply 9 n.5.) The Court need not reach this argument because the Court finds that the fraudulent concealment doctrine does not apply.